UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, a Washington non-profit corporation, and FRIENDS OF TOPPENISH CREEK, a Washington non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SPRING CANYON RANCH, LLC, a Washington limited liability company,<br><br>Defendant. | NO. 1:19-CV-3264-TOR<br><br>CONSENT DECREE |

**WHEREAS**, Plaintiffs Community Association for Restoration of the Environment and Friends of Toppenish Creek (collectively "Plaintiffs") filed a Complaint in this Court seeking civil penalties, as well as declaratory and injunctive relief, against Defendant Spring Canyon Ranch, LLC on November 7, 2019, alleging violations of the Resource Conservation and Recovery Act, 42

CONSENT DECREE ~ 1

U.S.C. § 6901 *et seq.* ("RCRA"). Plaintiff's Complaint for alleged RCRA violations was brought under the citizen suit provisions of Section 7002 of the Act, 42 U.S.C. § 6972(a)(1)(A) and (B);

**WHEREAS**, prior to filing their Complaint, Plaintiffs sent to Spring Canyon Ranch, LLC a Notice of Intent to Sue dated February 8, 2017 in which they stated their intent to assert claims that Spring Canyon Ranch, LLC has violated and continues to violate Section 7002(a) of RCRA by contributing to the past and present handling, storage, treatment, transportation, and/or disposal of solid and hazardous waste in such a manner that may present an imminent and substantial endangerment to health and the environment. 42 U.S.C. § 6972(a);

**WHEREAS**, Plaintiffs further asserted that Spring Canyon Ranch, LLC employs, and has employed, improper manure management practices that constitute the "open dumping" of solid waste in violation of Section 4005(a) of RCRA. 42 U.S.C. § 6945(a);

**WHEREAS**, on April 29, 2019, Plaintiffs sent to Spring Canyon Ranch, LLC a Protective Supplemental Notice of Intent to Sue alleging the same alleged violations as contained in the February 8, 2017 Notice of Intent to Sue;

**WHEREAS**, Spring Canyon Ranch, LLC is registered as a limited liability company in the State of Washington, and owns and operates the dairy known as Spring Canyon Ranch, which dairy is located at or near 165 Isaacs Road in

Outlook, Washington (the "Dairy").  Spring Canyon Ranch is covered under the Washington State Concentrated Animal Feeding Operation National Pollutant Discharge Elimination System and State Waste Discharge General Permit No. WAG994346.  Prior to the filing of the Complaint, Spring Canyon sold its dairy animals and is presently using its facility to raise beef cattle;

**WHEREAS**, Spring Canyon Ranch, LLC expressly denies Plaintiffs' allegations in their entirety, and admits no liability by entering this Consent Decree;

**WHEREAS**, the Parties recognize that this Consent Decree is a settlement of a contested matter;

**WHEREAS**, the objective of the Parties in entering this Consent Decree is to resolve the litigation; and

**WHEREAS**, the Parties acknowledge that this Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation, and the Court, in entering this Consent Decree, finds that this Decree is fair, reasonable, and in the public interest.

**NOW, THEREFORE**, without the admission of any issue of fact or law except as provided in General Provisions, and with the consent of the Parties,

**IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

**GENERAL PROVISIONS**

1. <u>Jurisdiction and Venue.</u>  For the purposes of this Consent Decree, this Court has jurisdiction over the subject matter of this action and the Parties pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 6972(a).  Venue is proper in this judicial district pursuant to 42 U.S.C. § 6972(a) and 28 U.S.C. § 1391(b) because the Complaint alleges that discharges in violation of the Act occurred in this judicial district.  Spring Canyon Ranch, LLC does not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

2. <u>Retention of Jurisdiction.</u>  This Court shall retain jurisdiction for the purposes of resolving disputes regarding provisions of this Consent Decree, consistent with paragraph 6 below.

3. This Consent Decree is a full and complete settlement of the claims alleged in the 90-day notices of intent to sue addressed to Defendant and John Bosma, Jeffrey Bosma, and Brian Bosma, and alleged in the Complaint, and all other claims known and unknown existing as of the date of entry of this Consent Decree that could be asserted under Resource Conservation and Recovery Act (RCRA) against Defendant and John Bosma, Jeffrey Bosma, and Brian Bosma.  These claims against Defendant, John Bosma, Jeffrey Bosma, and Brian Bosma are released and dismissed with prejudice.  Enforcement of this Consent Decree is the Plaintiffs' exclusive remedy for any violation of its terms.

4. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Plaintiff in the 90-day notices of intent to sue or Complaint or of any fact or conclusions of law related to those allegations, nor evidence of any wrongdoing on the part of Spring Canyon Ranch, LLC.

5. A force majeure event is any event outside of the reasonable control of Spring Canyon Ranch, LLC that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Spring Canyon Ranch, LLC notifies Plaintiffs of the event; the steps that Spring Canyon Ranch, LLC will take to perform the task and the projected time that will be needed to complete the task. Spring Canyon Ranch, LLC will notify Plaintiffs of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) business days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event. By way of example and not limitation, force majeure events include:

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

CONSENT DECREE ~ 5

  c. Actions or inactions of third parties over which defendant has no control;

  d. Restraint by court order or order of public authority;

  e. Unusually adverse weather conditions;

  f. Any permit or other approval sought by Spring Canyon Ranch, LLC from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Spring Canyon Ranch, LLC has timely and in good faith sought the permit or approval;

  g. Strikes; and

  h. Litigation, arbitration or mediation that causes delay.

6.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical, but must be held within thirty (30) days after notice of a request for such meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the notice, whichever occurs first, unless extended by mutual written agreement of the parties, either party may file a motion with this court to resolve the dispute.

7. <u>Reservation of Rights.</u>  The Parties reserve the right to enforce the terms of this Consent Decree and take any action authorized by federal or state law not inconsistent with this Consent Decree.

8. <u>Parties Bound.</u>  This Consent Decree shall be binding upon Plaintiffs, Spring Canyon Ranch, LLC and its respective officers, agents, servants, employees, successors, and assigns.

9. <u>Counterparts.</u>  This Consent Decree may be signed in Counterparts, and such counterpart signature page shall be given full force and effect.

10. <u>Authorization.</u>  The undersigned representatives for each Party certify and affirmatively represent that he/she is fully authorized by the Party whom he/she represents to enter into the terms and conditions of the Consent Decree.

11. Notifications required by this Consent Decree must be in writing.  A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day or a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  The sending party may use the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) email; or (4) a nationally recognized overnight courier, with all fees prepaid.  For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to

the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph:

    If to Plaintiffs: Charlie Tebbutt, 941 Lawrence St., Eugene, OR 97401; charlie@tebbuttlaw.com

    If to Spring Canyon Ranch: Brian Bosma, 3620 Independence Road, Sunnyside, WA 98944; 1brianbosma@gmail.com

12. This Consent Decree may be modified only upon the approval of the Court.

13. If, for any reason, the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

14. <u>Final Judgment.</u> Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final, non-appealable judgment of the Court under Rules 54 and 58 of the Federal Rules of Civil Procedure.

15. This Consent Decree takes effect upon entry by the Court.

## DAIRY OPERATIONS

16. Spring Canyon Ranch, LLC has ceased all dairy operations at the Dairy and it agrees not to reinstate dairy operations for a period of three (3) years from the date of entry of this Decree unless notifying Plaintiffs, in writing, ninety (90) days prior to reinstating dairy operations, obtaining coverage under the CAFO General

Permit. If Spring Canyon Ranch, LLC reinstates dairy operations at the Dairy, whether within the three years listed above or at any time subsequent thereto, then it agrees to synthetically line the Dairy's lagoons prior to restarting dairy operations at the Dairy.

17. No later than December 31, 2020, Spring Canyon Ranch, LLC agrees to decommission one manure storage lagoon and to decommission the remaining storage lagoons by December 31, 2021, except for the one lagoon that was synthetically lined in 2018, pursuant to the following terms:

   a. Decommissioning of the manure storage lagoons referenced in this paragraph 17 shall be conducted in accordance with *Lagoon Closure – Permanent Decommissioning* requirements of Section S4.B.1.f of the January 18, 2017 CAFO General Permit (combined) issued by the Washington State Department of Ecology; and

   b. Guidance provided by *NRCS Conservation Practice Standard 360 – Waste Facility Closure (NRCS, WA September 2018)* shall be utilized to accomplish the decommissioning;

   c. Spring Canyon Ranch, LLC shall conduct topographic surveys extending at a minimum 50 feet beyond the edge of each lagoon and containing the location of existing utilities;

  d. Spring Canyon Ranch, LLC shall remove all liquids and organic solids from the lagoons; and

  e. Following removal of manure liquids and solids from the lagoons, the Dairy shall remove material from the sidewalls and floor of the lagoon until undisturbed ("pre-construction") soils are encountered. The decommissioned lagoons will be re-graded consistent with adjacent topography to provide farmable ground for the Dairy.

  f. All pipes to and from the lagoons shall be cut and capped in place if removal is not practicable.

  g. All such information collected and analyzed pursuant to this paragraph shall be provided to Plaintiffs within 30 days from completion.

18. Spring Canyon Ranch, LLC agrees to clean, scrape, and remove all manure from cow pens by June 30, 2020. Cow pens shall then be revegetated.

19. Spring Canyon Ranch, LLC shall ensure that all compost is removed from its property by June 31, 2020. After removal of all compost from the property, Spring Canyon Ranch, LLC agrees to revegetate all areas previously containing compost.

20. For the term of this Decree, Spring Canyon Ranch, LLC agrees to prepare and submit to Plaintiffs nutrient testing and a nutrient budget annually for each

field on the Dairy's property on which the Dairy's manure, manure from any cattle confined in the Dairy's pens that have not been revegetated, or the Dairy's manure lagoon water is applied in any way. Soil samples for each field on the Dairy's property which the Dairy's manure or the Dairy's manure lagoon water is applied will be collected and analyzed for depths of 0 to 12, 12 to 24, and 24 to 36 inches until all fields show nitrate levels less than 15 ppm (55 lb./acre) at any of the depth levels required for testing. If the fields referenced in this paragraph 20 show for two years that levels in each of the top two feet are below 15 ppm, then samples for the third foot level may be suspended.

21. Spring Canyon Ranch, LLC shall maintain coverage under its National Pollution Discharge Elimination System ("NPDES") permit through March 2, 2022.

## SUPPLEMENTAL ENVIRONMENTAL PROJECT

22. Within thirty (30) days of entry of this Consent Decree, Spring Canyon Ranch, LLC shall pay $60,000 made payable to the "Clean Drinking Water Project", c/o Law Offices of Charles M. Tebbutt, P.C. The funds shall be used to test residential wells and provide clean drinking water to individuals in the Lower Yakima Valley in the State of Washington. Plaintiffs shall apply the funds as follows:

CONSENT DECREE ~ 11

a. To provide funds for individuals whose residential well drinking water is near or exceeds 10 parts per million nitrate to apply for, on a first-come, first-served basis, assistance with alternative water sources through the Clean Drinking Water Project (the "Program"). The funds may be used to:

   i. Identify potentially eligible residences;
   ii. Notify and education potentially eligible individuals of the Program in English and Spanish;
   iii. Assist potentially eligible individuals to test their wells as part of the Program;
   iv. Identify alternative water sources for eligible individuals;
   v. Provide financial assistance, to the extent available, to eligible individuals from the funds allocated for the Program to purchase and maintain alternative water sources.

It is understood that the funds may not be sufficient for all potentially eligible individuals to have permanent alternative water sources. Accordingly, the funds will be allocated as effectively as possible. Plaintiffs shall sequester Program funds in a separate, interest-bearing account held in trust for the project terms listed above and the Trustee of the Program funds shall provide an annual accounting detailing the

use of the Program funds on an annual basis for the term of the Decree.

## ATTORNEYS' FEES AND COSTS

23. Spring Canyon Ranch, LLC agrees to pay Plaintiffs' reasonable and current attorney and expert fees and costs in the amount of $50,000. Payment shall be made in full to the Law Offices of Charles M. Tebbutt within 30 days of entry of the Consent Decree.

## TERMINATION

24. This Consent Decree shall terminate three (3) years from the date of entry of the Decree.

WE HEREBY CONSENT to the Entry of this Consent Decree.

**Community Association for Restoration of the Environment, Inc.**

By:	Signature on file at ECF No. 3-1 at 11

**Friends of Toppenish Creek**

By:	Signature on file at ECF No. 3-1 at 12

*Plaintiffs*

**Spring Canyon Ranch, LLC**

By:	Signature on file at ECF No. 3-1 at 13

*Defendant*

**IT IS SO ORDERED THIS 9th DAY OF DECEMBER 2019.** The District Court Executive is directed to enter Judgment accordingly, provide copies to the parties, and administratively close the file.



THOMAS O. RICE
Chief United States District Judge

CONSENT DECREE ~ 14